IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL MCCULLOUGH         *

      Plaintiff       *

    vs.                    * CIVIL ACTION NO. MJG-18-998

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD, CONNECTICUT *

      Defendant       *

\*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM AND ORDER

The Court has before it Defendant The Automobile Insurance Company of Hartford, Connecticut's Motion to Dismiss, Or In the Alternative, Motion for Summary Judgment [ECF No. 11] and the materials submitted relating thereto. The Court finds that a hearing is not necessary.

I. BACKGROUND[1]

Plaintiff Daniel McCullough ("McCullough" or "Plaintiff") filed a Complaint against Defendant The Automobile Insurance Company of Hartford ("Travelers" or "Defendant"), seeking monetary damages for (1) "insurance procurement fraud (deceit)", (2) breach of contract, and (3) failure to act in good faith. Compl. ¶ 2.

---

[1] The "facts" stated herein are as alleged in the Complaint and are not necessarily agreed to by Defendant.

In August 2015, Plaintiff's property at 1663 Cliftview Avenue, Baltimore, MD (the "Property") suffered severe damage due to a water leak that flooded the home.  Id. ¶¶ 1, 11, 17.  Plaintiff reported the water damage to Defendant on September 25, 2015.[2]  Id. ¶ 18.  Defendant initially assigned the claim to Scott Small ("Mr. Small"), a Travelers claim representative who conducted an inspection of the Property on September 30, 2015 with Plaintiff present.  Id. ¶ 17.  Mr. Small and Plaintiff agreed that the source of the water damage was a fractured water pipe or water supply line.  Id.  Mr. Small then resigned from Travelers before further action could be taken on Plaintiff's claim.  Id. ¶ 18.  Plaintiff alleges that his claim "sat dormant for weeks," which allowed the Property damage to worsen.  Id.  During this time, water was still running through the Property.  Id. ¶ 19.

After a "long period of delay," the Defendant's new claim representative "hired an engineer who then issed [sic] a report" stating that the water had been "shut off" at some point in August 2015, without acknowledging that water had continued to run as of September 30, 2017.  Id. ¶ 20.  This report and the

---

[2]  The Complaint states that the Plaintiff reported the water damage on "September 25, 2017," Compl. ¶ 18, but that appears to be a typographical error, because the inspection was alleged to have occurred on September 30, 2015, and Plaintiff has not alleged that the inspection occurred before he reported the water damage.

statement that the water had been shut off in August 2015 was used to deny Plaintiff's claim as untimely (i.e., as having missed the Policy's reporting deadline). Plaintiff also challenges the engineer's report as unreliable and inaccurate. Id. ¶ 22.

Additionally, Plaintiff alleges that during the initial procurement process and subsequent yearly renewal processes, Travelers would misrepresent to them that the Policy would cover this type of damage. Id. ¶¶ 23-27. He also claims that he suffered emotionally from the strain and stress associated with his efforts to recover under the Policy. Id. ¶ 14.

The Court finds it premature to proceed on a motion for summary judgment prior to any discovery and will treat the motion solely as a motion to dismiss. In doing so, the Court shall consider only non-conclusory factual allegations in the Complaint, and not any materials or exhibits presented that are not included in the Complaint.

II. DISMISSAL STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or a "formulaic recitation of the elements of a cause of action" will not suffice. Id. A complaint must allege sufficient facts to "cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)(quoting Twombly, 550 U.S. at 557).

Inquiry into whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Thus, if the well-pleaded facts contained within a complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

III. DISCUSSION

The Court appears to have diversity jurisdiction over this matter. McCullough is a citizen of Maryland and Travelers is an insurance company organized under the laws of the State of

4

Connecticut, with its principal place of business in Hartford, Connecticut, and the parties have not disputed that the amount in controversy requirement is met. See Def.'s Statement Concerning Removal, ECF No. 13.

1. <u>Insurance Procurement Fraud / Fraudulent Inducement</u>

In Count One, Plaintiff alleges that Defendant fraudulently induced him into buying the initial Policy and then renewing that Policy each subsequent year, when the Policy did not cover "the extent of benefits" that he had thought it covered. Id. ¶ 23. Defendant contends that Plaintiff is not entitled to recover under a theory of tort liability when the basis for the duty is an alleged violation of an insurance contract.

To recover for fraudulent inducement in Maryland, a plaintiff must prove:

> (1) that the defendant made a false representation to the plaintiff,
> (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth,
> (3) that the misrepresentation was made for the purpose of defrauding the plaintiff,
> (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and
> (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

<u>Sinclair Broad. Grp., Inc. v. Colour Basis, LLC</u>, No. CV CCB-14-2614, 2016 WL 3541204, at *8 (D. Md. June 29, 2016),

5

reconsideration denied, No. CV CCB-14-2614, 2017 WL 818713 (D. Md. Mar. 2, 2017). In order to recover under this theory, "the misrepresentation must be made with the deliberate intent to deceive." Id.

Plaintiff makes only conclusory allegations that Travelers "made false representations" and "induce[d] [Plaintiff] to purchase or renew the Policy," when Travelers "knew that, in the event of a loss, benefits paid would be but a small fraction, if any, of the amount to which the Plaintiff would be entitled . . . or that the representations were being made with reckless indifference to their truth." Compl. ¶ 24. He claims that Travelers engaged in "systematic wrongful denial of valid claims using pressure tactics." Id.

These types of conclusory allegations continue throughout the discussion of Count One, see ¶¶ 25-27. They do not state a claim for fraudulent inducement and fall far short of the meeting the elements in Colour Basis. Plaintiff does not explain what the "high pressure tactics" are, see ¶¶ 24 and 26, or what the nature of the alleged fraud was (e.g., whether the misrepresentations are about the type of coverage offered or the applicability of reporting deadlines).

Rather, Plaintiff appears to be contending that Travelers improperly denied him his benefits under the Policy, which is a contract claim. Under Maryland law, "[a] contractual obligation,

6

by itself, does not create a tort duty." Mesmer v. Maryland
Auto. Ins. Fund, 353 Md. 241, 253 (1999). "Instead, the duty
giving rise to a tort action must have some independent basis."
Id. Here, there is no independent tort action because the
elements of fraudulent inducement have not been plausibly
pleaded.

Accordingly, Count One shall be DISMISSED.

2. Breach of Contract

Plaintiff alleges Defendant breached the Policy contract so that he is entitled to "unpaid benefits . . . under the Policy . . . [including] the amount of the structure and contents losses . . . ." "delay damages, including but not limited to increased cost of repair resulting from the delay in payment," and interests and costs. Compl. ¶ 30.

Defendant argues that this claim should be dismissed because an unnamed party, Jorge Tejada, is a tenant in common of the Property and is a necessary party under Fed. R. Civ. P. 19(a)(1)(B)(ii). Plaintiff contends that he had purchased Mr. Tejada's interest in the property in October 2015 so that Mr. Tejada is not a necessary party. Pl.'s Opp. at 1, ECF No. 15.

The Court finds it premature to make a finding about the ownership status of the Property at the motion to dismiss stage, especially when parties present conflicting versions of the

7

facts and the Court is not at this time considering any materials or exhibits presented that are not included in the Complaint.  Under the circumstances, the Court shall not dismiss the breach of contract claim based on the failure to join Mr. Tejada, although Defendant is not precluded from raising this issue on a dispositive motion following discovery.

As for the substance of the breach of contract claim, "in order to state a claim for breach of contract, a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant."  <u>RRC Ne., LLC v. BAA Maryland, Inc.</u>, 413 Md. 638, 658 (2010).  There is no dispute that there was an insurance contract between the parties in this case.  The Court understands Plaintiff's contention to be that Travelers breached the insurance contract when denying his claim, either by delaying the inspection in a way that caused his claim to be denied or by not paying the benefits that covered the type of Property damage loss, or both.  These allegations, if taken as true, are sufficient to state a breach of contract claim at the motion to dismiss stage.  Accordingly, the Count Two shall not be dismissed.

3. <u>Bad Faith Failure to Pay</u>

Plaintiff contends that Travelers "failed to act in good faith in handling the Plaintiff's claim." Compl. ¶ 31. Defendant argues that this claim is barred because Plaintiff has failed to exhaust his administrative remedies under Md. Code Ann., Cts. & Jud. Proc. § 3-1701 ("Section 3-1701") and Md. Code Ann., Ins. § 27-1001 ("Section 27-1001").

Under Maryland law, for an insured may bring a civil action against an insurer under a property insurance policy, the suit "(1) must be used to determine coverage and/or entitlement to payment, (2) must allege that the insurer failed to act in good faith, and (3) may seek actual damages under the policy, expenses and litigation costs, and interest on expenses and litigation costs." <u>All Class Const., LLC v. Mut. Ben. Ins. Co.</u>, 3 F. Supp. 3d 409, 415 (D. Md. 2014).[3] <u>See also</u> Section 3-1701.

However, under Section 3-1701(c), "a party may not file an action under this subtitle before the date of a final decision under § 27-1001 of the Insurance Article." <u>See also</u> Section 27-1001(d)(1) (providing that a Section 3-1701(c) complaint shall first be filed with the Maryland Insurance Administration). Statutory exceptions to this exhaustion requirement under

---

[3] "Good faith" is defined in Section 27-1001 as "an informed judgment based on honesty and diligence supported by evidence the insurer knew or should have known at the time the insurer made a decision on a claim."

Section 3-1701(c)(2) apply to an action:

> (i) Within the small claim jurisdiction of the District Court under § 4-405 of this article;
> (ii) If the insured and the insurer agree to waive the requirement . . . ; or
> (iii) Under a commercial insurance policy on a claim with respect to which the applicable limit of liability exceeds $1,000,000.

Plaintiff alleges in his Complaint that the parties have waived the requirement that they obtain a final decision under Section 27-1001 before proceeding with this cause of action. Compl. ¶ 8. However, Defendant denies that such a waiver was ever obtained. Def.'s Mem. at 9, ECF No. 11-1. Plaintiff does not plead that any other exception applies. Moreover, Plaintiff states in his reply brief that "[o]n May 4, 2018 Plaintiff contacted the Maryland Insurance Administration and initiated complaint [sic] alleging that the Defendant did not act in good faith in handling his claim under his homeowner's insurance policy. No further action has been taken yet." Pl.'s Reply at 4, ECF No. 15.

Failure to exhaust administrative remedies "may give rise to a challenge to a federal court's subject matter jurisdiction." Class Produce Grp., LLC v. Harleysville Worcester Ins. Co., No. CV ELH-16-3431, 2018 WL 1471682, at *3 (D. Md. Mar. 23, 2018). Plaintiff "bears the burden of proving, by the preponderance of the evidence, the existence of subject

10

matter jurisdiction." Id.

The exhaustion requirement has not been met here. Plaintiff initiated his original Complaint in state court on November 2, 2017. He may not now contact the Maryland Insurance Administration and attempt to remedy a pre-filing requirement. The Court may not accept as plausible Plaintiff's proffer that Defendant waived this requirement. Accordingly, Count Three shall be DISMISSED.

IV. CONCLUSION:

For the foregoing reasons:

1. Defendant The Automobile Insurance Company of Hartford, Connecticut's Motion to Dismiss, Or In the Alternative, Motion for Summary Judgment [ECF No. 11] is GRANTED IN PART and DENIED IN PART.

    a. Counts One (Insurance Procurement Fraud) and Three (Bad Faith Failure to Pay) are hereby DISMISSED.

    b. Count Two (Breach of Contract) remains pending.

2. Plaintiffs shall arrange a case planning conference to be held with the parties and the Court by July 20, 2018.

SO ORDERED, this Wednesday, June 20, 2018.

                                                    /s/_____
                                              Marvin J. Garbis
                                United States District Judge